| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1** | |
| DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for Quicken Loans Inc. | |
| In Re:<br><br>Wanda K. Lee-Jackson,<br><br>Debtor. | Case No.:  18-32162 JNP<br>Adv. No.:<br>Hearing Date:  1/16/19 @ 10:00 a.m.<br><br>Judge:  Jerrold N. Poslusny Jr. |

**Order Filed on January 22, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey**

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby
**ORDERED**

**DATED: January 22, 2019**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
Debtor:             Wanda K. Lee-Jackson
Case No.:           18-32162 JNP
Caption:            **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                    DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Quicken Loans Inc., holder of a mortgage on real property located at 1006 Scarborough Drive, Egg Harbor Township, NJ, 08234, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Steven A. Silnutzer, Esquire, attorney for Debtor, Wanda K. Lee-Jackson, and for good cause having been shown;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by March 19, 2019, or as may be extended by an application to extend the loss mitigation period; and

It **ORDERED, ADJUDGED and DECREED** that Debtor shall make adequate protection payments in accordance with the terms of the Loss Mitigation Order while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's proof of claim while Debtor is seeking a loan modification;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is responsible for the difference between the adequate protection payment and the regular monthly payment for all months while the loan modification is pending if loss mitigation is unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.